UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

GREGORY MAGIN,

Defendant.

**SUPPLEMENTAL SENTENCING MEMORANDUM**

Case No. 26-cr-52 (MAD)

Defendant submits this supplemental sentencing memorandum pursuant to this Court's Uniform Presentence Order, Dkt. No. 61, and in response to the government's July 27, 2026 submission, Dkt. No. 82, to correct two misstatements of fact.

First, the government incorrectly argues that the Court should dismiss the Psychological Evaluation Summary Report prepared by Katrina Colistra, PsyD of New Paradigm Psychological Services PLLC, Dkt. No. 76-7, because it did not account for information that formed the basis of the government's motion to reopen Mr. Magin's detention hearing. Dkt. No. 82 at 1-2. However, as noted by Magistrate Judge Stewart in his order denying reconsideration, "these same text messages, which were presented and read at the Defendant's detention hearing on March 18, 2025, form the basis for the Government's allegedly new revelation that Defendant may have participated in not only the distribution of child pornography, but also the creation of child pornography and the sexual exploitation of a child." Dkt. No. 52 at 5. In Appendix A to her November 7, 2025 report, Dr. Colistra lists materials that she relied upon, which includes, among other things, a "Federal Work Product Excel Sheet, dated 10/28/2025." Dkt. No. 76-7 at 4. This excel sheet describes the videos of V-1 and relevant surrounding chats, see PSR ¶¶ 30-32, which

the government provided to defense counsel at their October 28, 2025 discovery meeting.[1] Accordingly, Dr. Colistra accounted for defendant's conduct involving V-1 in her report and found Mr. Magin a **Below Average** risk to reoffend.

Second, the government mischaracterizes statements from the Risk of Sexual Abuse of Children (ROSAC) assessment prepared by Amanda Peltier, M.A., LMHC of New Paradigm Psychological Services PLLC. The government opposes the evaluator's assessment that defendant did not have "any known victims" and "did not sexually offend against a person." Dkt. No. 82 at 1. Ms. Peltier, however, was aware of Mr. Magin's charges, reviewed relevant discovery, and indicated at that point he was accused, not yet convicted, of possessing child pornography. Dkt. No. 76-9 at 2-3, 15. It is also clear throughout her report Ms. Peltier distinguished between contact sexual abuse acts and noncontact sexual abuse acts. See Dkt. No. 76-9 at 15-17. For example, Ms. Peltier notes that "Mr. Magin does not have a contact victim" and that, if convicted of possession of child pornography, Mr. Magin would be scored a 1 in the Use of Force category, which indicates "'abuser committed noncontact sexual abuse acts only.'" See id. Based on the totality of the report, it is apparent that the complained of statements refer to contact sexual abuse acts as opposed to noncontact sexual abuse acts. Moreover, defendant submits the ROSAC assessment solely to be considered in the context in which it was prepared—as support for modification of his release conditions, which he ultimately did not pursue. Dkt. No. 76 at 7.

For the reasons above and in his initial sentencing memorandum and submissions, Mr. Magin respectfully requests the Court sentence him to a period of incarceration on the low end of the agreed upon range.

---

[1] Defendant will make this document available to the Court upon its request.

DATED: July 28, 2026

Respectfully submitted,

HACKER MURPHY, LLP

JULIE A. NOCIOLO, ESQ.

**CERTIFICATE OF SERVICE**

I, Julie A. Nociolo, hereby certify that on July 28, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Assistant United States Attorney Allen Vickey.

HACKER MURPHY LLP

JULIE A. NOCIOLO, ESQ.
*Attorney for defendant Gregory Magin*